UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

        v.

Michael Gundersen,

               *Defendant.*

**Protective Order**

**21 Cr. 69 (LTS)**

      Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

      **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigations; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

      **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need

for excessive redaction. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

**Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel and any paralegals, associates, or other employees of defense counsel (collectively, "the Defense") other than as set forth herein, and shall be used by the Defense solely for purposes of defending this action. The Defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material may be disclosed by the Defense to:

(a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

3. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

4. The Government may designate certain disclosure material as Highly Confidential in writing, either by marking the disclosure material itself or by means of a separate index or other written designation. Highly Confidential material is subject to the provisions of the Order

2

governing disclosure material, except that the filing of Highly Confidential material is governed by paragraph 6 of this Order rather than paragraph 5.

5. This Order does not prevent the disclosure of any disclosure material other than Highly Confidential material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. This Order does not prevent the disclosure of any Highly Confidential material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action, except that either party seeking to publicly file, or specifically describe in a public filing, Highly Confidential material, must either (a) file the document under seal, or (b) provide reasonable notice to the opposing party to permit the parties to confer on the proper treatment of the document. If the parties are unable to reach agreement as to the treatment of the document, the parties will seek Court resolution before the document is publicly filed or specifically described in a public filing.

7. Any disputes regarding the designation of discovery material as Highly Confidential, or any other dispute concerning this Order, which cannot be resolved among the parties, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

8. Except for disclosure material that has been made part of the record of this case, the Defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-

captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  This provision does not apply to any disclosure material that belongs to the defendant or that contains or constitutes defense counsel's work product.

9. The Defense shall provide a copy of this Order to persons specified in paragraph 2, including prospective witnesses and persons retained by counsel, to whom the Defense has disclosed disclosure material.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons and make reasonable efforts to ensure that each such person complies with the terms of this Order.

10. The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.  Facsimiles or electronic copies shall be treated as originals.

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ Paul Monteleoni                  Date: 2/4/21
Thomas A. McKay
Paul M. Monteleoni
Aline R. Flodr
Assistant United States Attorneys

/s/ Daniel Bibb                          Date: 2/4/2021
Daniel Bibb, Esq.
Counsel for Defendant

SO ORDERED:

Dated: New York, New York
       2/5/2021

                                         /s/ Laura Taylor Swain
                                         THE HONORABLE LAURA TAYLOR SWAIN
                                         UNITED STATES DISTRICT JUDGE

5